UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. ROSS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ABBOTT VASCULAR INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03794-JST   (SVK)<br><br>**ORDER ON MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 74, 83 |

Now before the Court are Administrative Motions to File Documents Under Seal filed by Defendant Abbott Ireland Ltd. seeking to seal certain materials submitted to the Court in connection with the parties' Joint Letter Brief Regarding Jurisdictional Discovery and Joint Chart Reflecting Jurisdictional Discovery Disputes.  Dkt. 74, 83.  Abbott Ireland indicates that Plaintiffs do not oppose the motions to seal.  *Id.*

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy.  *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies.  *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. Having considered the Motions, supporting declarations, and the pleadings on file, and good cause appearing, the Motions are hereby **GRANTED** as follows:

| Document | Portion(s) to Seal | Reason(s) for Sealing |
| --- | --- | --- |
| Exhibit 2 to Joint Letter Brief Regarding Jurisdictional Discovery: Abbott Ireland Ltd.'s Supplemental Response to Plaintiffs' First Interrogatories to Abbott Ireland Ltd. Related to Personal Jurisdiction | GRANTED as to excerpts on pages 7, 10-11, 13, 18-19, and 21 as shown in Exhibit A to the Persichetti Declaration | Narrowly tailored to protect confidential, proprietary business information concerning Defendant Abbott Ireland Ltd., non-party Abbott Ireland (Bermuda), and their vendors. Good cause to believe public disclosure of this information may cause harm to those entities. *See* Persichetti Decl. at ¶¶ 4-5. |
| Joint Chart Reflecting Jurisdictional Discovery Disputes Pursuant To ECF No. 73 | GRANTED as to excerpts on pages 12, 22, 25-30, and 33-36, as shown in Exhibit A to the motion to seal (which are references to the materials in Ex. 2, attached to the Original Motion to Seal) | Narrowly tailored to protect confidential, proprietary business information concerning Defendant Abbott Ireland Ltd., non-party Abbott Ireland (Bermuda), and their vendors. Good cause to believe public disclosure of this information may cause harm to those entities. *See* Persichetti Decl. at ¶¶ 4-5. |

**SO ORDERED.**

Dated: August 28, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

2